# STATE OF NORTH CAROLINA

DARE _____ County

File No.
10-CVS- 1005

In The General Court of Justice
District      X  Superior Court Division

*Name of Plaintiff*
THE TOWN OF NAGS HEAD

*Address*

*City, State, Zip*

**CIVIL SUMMONS**

**ALIAS AND PLURIES SUMMONS**

G.S. 1A-1, Rules 3, 4

**VERSUS**

*Name of Defendant(s)*
MATTHEW A. TOLOCZKO and LYNN B. TOLOCZKO

*Date Original Summons Issued*

*Date(s) Subsequent Summon(es) Issued*

**To Each Of The Defendant(s) Named Below:**

| *Name And Address of Defendant 1* | *Name And Address of Defendant 2* |
|---|---|
| MATTHEW A. TOLOCZKO<br>11147 RICH MEADOW DRIVE<br>GREAT FALLS, VA 22066 | LYNN B. TOLOCZKO<br>11147 RICH MEADOW DRIVE<br>GREAT FALLS, VA 22066 |

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days

2. File the original of the written answer with the Clerk of Superior Court of the county named

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the

| *Name And Address of Plaintiff's Attorney (If* | *Date Issued* | *Time* | | |
|---|---|---|---|---|
| C. Everett Thompson, II<br>Attorney at Law<br>101 West Main St.<br>Elizabeth City, NC 27909 | 12-6-10 | 9:47 | X AM | PM |

*Signature*
Beth Meekins

X Deputy CSC      ___ Assistant CSC      ___ Clerk of Superior Court

| ENDORSEMENT | *Date of Endorsement* | *Time* | | |
|---|---|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | | AM | PM |

*Signature*

___ Deputy CSC      ___ Assistant CSC      ___ Clerk of Superior Court

**NOTE TO PARTIES:** *Many Counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts
(Over)

**EXHIBIT**
**A**

**STATE OF NORTH CAROLINA**          **IN THE GENERAL COURT OF JUSTICE**

**COUNTY OF DARE**          **SUPERIOR COURT DIVISION**

File No.:   10-CVS- 1005

TOWN OF NAGS HEAD,                          :
       Plaintiff,                          :
                                 :
vs                          :          **COMPLAINT**
                                 :
MATTHEW A. TOLOCZKO and          :
LYNN B. TOLOCZKO,                          :
       Defendants.                          :

The plaintiff, complaining of the defendants alleges and says:

## I. JURISDICTION AND VENUE

1. Plaintiff Town of Nags Head ("Town") is a municipal corporation, duly incorporated under the constitution and general statutes of North Carolina, including Chapter 160A of the North Carolina General Statutes.

2. Upon information and belief, defendants are citizens and residents of Virginia and are the record owners all that certain lot or parcel of land situated in the Town of Nags Head, Dare County, North Carolina, and more particularly described as follows ("Property"):

> ALL THAT CERTAIN PROPERTY SITUATED IN THE CITY OF NAGS HEAD, IN THE COUNTY OF DARE AND STATE OF NORTH CAROLINA AND BEING DESCRIBED IN A DEED DATED 11-03-1995 AND RECORDED 11-08-1995 IN BOOK 1016, PAGE 809 AMONG THE LAND RECORDS OF THE COUNTY AND STATE SET FORTH ABOVE AND REFERENCED AS FOLLOWS: LOT 7, IN THE SUBDIVISION KNOWN AS GOOSE WING, MAPBOOK 9, PAGE 57; PARCEL ID NUMBER: 007443000.

## II. FACTS AND LIABILITY

3. Located on the Property is a structure or group of structures and associated personal

property and attachments (the "Dwelling").

4. Since November 2009, the Dwelling has been damaged to such an extent that the condition of the Dwelling was unsafe for human habitation, causing the Dwelling to be condemned by the Town's building inspector, pursuant to NCGS § 160A-426.

5. The Town's manager inspected the Dwelling pursuant to the Town of Nags Head Code of Ordinances ("Town Code"), Section 16-32, and determined at the time of his inspection:

a. That the Dwelling was in a deteriorated and damaged condition;

b. That the Dwelling was disconnected from utilities;

c. That the Dwelling was disconnected from approved means of sewage disposal'

d. That components of the Dwelling's on-site sewage disposal system were visibly damaged or missing;

e. That the Dwelling was located in its entirety on the wet sand beach as evidenced by the high tide swash line and tidal pools located westward of the Dwelling;

f. That the Dwelling completely blocks public and emergency vehicle access along the public trust beach area;

g. That the Dwelling restricted pedestrian access along the public trust beach area;

h. That the Dwelling had incurred storm and/or erosion damage;

i. That the Dwelling was located wholly or partially on land subject to the public trust and within the public trust beach area; and

j. That there did not appear to be opportunity for relocation of the Dwelling on its lot in a manner complying with relevant federal, state and local laws and regulations.

k. That Dwelling has been and remains seaward and below:
    1. the mean high water mark
    2. the storm trash line

3. first line of stable, natural vegetation
4. the toe of the frontal dune.

6. At all times subsequent to the Town Manager's inspection, the condition of the Dwelling has remained the same or has deteriorated due to weather, lack of use, lack of repair and damage caused by erosion, coastal storms, hurricanes and tropical storms.

7. Pursuant to its power to define and declare nuisances as provided in NCGS § 160A-174, the Town has enacted Town Code, Section 16-31 *et seq*.

8. On or about November 30, 2009, the Town Manager issued a Declaration of Nuisance Structure and Septic Tank Removal, which Order was served upon the Defendants or their agents in compliance with the Town Code. A true and accurate copy of said Nuisance Order is attached hereto as Exhibit A and incorporated herein by reference.

9. A Nuisance Order declared the Dwelling on the Property to be a public nuisance pursuant to NCGS § 160A-174 and Town Code, Section 16-31(6) and provided Defendants eighteen days to abate the nuisance by demolishing and/or removing the Dwelling.

10. The Nuisance Order further acted as a Warning Citation pursuant to Town Code, Sections 1-6(c)(7) and 1-6(m), which informed the Defendants that should the nuisance conditions on the Property not be remedied within the eighteen day period provided by the Nuisance Order, that the Town would begin issuing civil citations in the amount of One Hundred Dollars per day for each day that the nuisance conditions remained unabated.

11. To date, Defendants have not abated the public nuisance existing on the Property in compliance with the Nuisance Order and the time provided for Defendants to abate such nuisance without penalty has expired. The conditions existing on the Property remain a public nuisance and in a state of clear and present danger to the health, safety and welfare of the citizens, residents and visitors of

the Town due to damage incurred during coastal storm events and through the erosion of the land around the Dwelling.

12. Further, in its present condition, the Dwelling holds no prospect for future use, and is imminently dangerous and prejudicial to the public health and safety, and in violation of NCGS § 160A-193. With each new coastal storm event the damage to the Dwelling and the danger to the public continue to increase.

13. Defendants are under a duty owed to the Town and the general public to abate the nuisance and demolish, repair or otherwise correct the nuisance condition of the Dwelling. Defendants have breached and continue to wrongfully breach this duty despite having more than a reasonable period of time to abate the nuisance conditions on the Property.

14. As a result of Defendants' failure to abate the public nuisance now existing with respect to the Property, Defendants have been and remain in violation of the Town Code, Section 16-31 *et seq*.

15. Beginning January 15, 2010, the Town has issued civil citations (the "Civil Citations") with civil penalties accruing in the amount of One Hundred Dollars per day for the continuing violation referenced in the Nuisance Order. Said civil penalties continue to accrue. True and accurate copies of each civil citation issued have been attached hereto as Exhibits 'B-1' through 'B-3" and incorporated herein by reference.

16. The condition of the Dwelling makes the Dwelling a clear and present danger to the health, safety and welfare of the citizens of and visitors to the Town of Nags Head, in that the Dwelling has deteriorated to the point that some or all of it may cause injury to persons or property located on or adjacent to the public trust beach area. As such, pursuant to NCGS § 160A-175 and Town Code, the Town is entitled to an order of abatement commanding Defendants to immediately, and at their sole expense, bring the Property in compliance with all applicable regulations and laws by demolishing,

repairing or otherwise taking corrective action regarding the Dwelling which abates the public nuisance created by the Dwelling or commanding the Defendants to immediately allow the Town to enter upon the Property and take such action at the Defendants' dole expense.

17. In the alternative, pursuant to NCGS § 160A-193, the Town is entitled to an order of abatement permitting the Town to summarily remove, correct, abate, or otherwise remedy the nuisance conditions existing with respect to the Property at the sole expense of Defendants.

18. As a result of Defendant's failure to correct the aforementioned violations existing on the Property, Defendants have been and remain in violation of the Town Code.

19. As of the date of the filing of this Complaint Defendants have not paid any of the civil penalties assessed pursuant to the Civil Citations issue to Defendants by the Town.

20. Pursuant to NCGS § 160A-175, the Town Code, and the continuing nature of the Defendants' violation set forth above, the Town is further entitled to have and recover civil penalties from Defendants in the sum of One Hundred Dollars per day from January 15, 2010 to the date upon which Defendants abate or otherwise correct and remedy the violations upon the Property by causing the Dwelling to be removed completely from the public trust beach area, thus terminating the nuisance conditions now existing.

**WHEREFORE**, the Town prays the Court that:

A. An expedited hearing be held on the claims and prayer for relief included herein because of the clear and present danger posed by the Dwelling to the citizens, residents and visitors of the Town of Nags Head.

B. An order of abatement pursuant to NCGS § 160A-175 be issued commanding Defendants to immediately, and at their sole expense, bring the Property in compliance with all applicable regulations and laws by demolishing, repairing or otherwise taking corrective action

regarding the Dwelling which abates the public nuisance created by the Dwelling or commanding the Defendants to immediately allow the Town to enter upon the Property and take such action at the Defendants' sole expense.

C. In the alternative, an order of abatement pursuant to NCGS § 160A-193(a) be issued commanding the Defendants to allow the Town to enter upon the Property and to summarily remove, abate, or remedy the nuisance conditions existing on the Property at the sole expense of Defendants with the cost of such action declared a lien upon the Property collectible as unpaid taxes as well as a lien against all property owned by the Defendants located within the Town or within one mile of the Town limits pursuant to NCGS § 160A-193(b) along with an order authorizing the sale of any parcels subject to said liens pursuant to NCGS § 105-374.

D. The Town have and recover of Defendants, jointly and severally, civil penalties in the sum of One Hundred Dollars per day from January 15, 2010 until the date upon which Defendants abate or correct the nuisance violation existing on the Property.

E. The costs of this action, including reasonable attorney's fees to the extent authorized by law, be taxed to Defendants.

F. The Town have and recover such other and further relief the Court deems appropriate.

This ____ day of December, 2010.

C. Everett Thompson, II
C. Everett Thompson, II, PA
101 West Main Street
Elizabeth City, NC 27909
Telephone: 252.335.7200
Facsimile: 252.338.5297
cet@cetlaw.com
N. C. State Bar #5859